IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY V.**[1], <br><br>     Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>     Defendant. | Case No. 3:19-cv-1918-SI <br><br> **OPINION AND ORDER** |

Caitlin S. Laumaker and George J. Wall, LAW OFFICES OF GEORGE J. WALL, 825 NE 20th Ave., Suite 330, Portland OR 97232. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lars J. Nelson, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Anthony V. (Plaintiff) brings this action pursuant to § 205(g) of the Social Security Act (the Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for Supplemental Security Income under Title XVI and Disability Insurance Benefits under Title II of the Act. For the following reasons, the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on March 3, 2017. He alleged disability beginning on March 30, 2016. Plaintiff, born on October 4, 1972, was 43 years old on the date of alleged disability onset. Plaintiff's claim was initially denied on April 24, 2017 and again upon reconsideration on June 19, 2017. Plaintiff appeared and testified at a hearing in Portland, Oregon on July 13, 2018 before Administrative Law Judge (ALJ) John Michaelsen. The ALJ issued an unfavorable decision, for which Plaintiff requested Appeals Council review. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now appeals the ALJ's decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

       §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a threshold matter for Plaintiff's disability insurance benefits claim, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2021. The ALJ then performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since March 30, 2016. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, degenerative joint disease of the knees, bipolar disorder, and generalized anxiety disorder. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20. C.F.R. Part 202, subpart P, Appendix 1.

The ALJ next determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he is further limited to no more than frequent balancing and to no more than occasional crawling, crouching, kneeling, or

climbing. The ALJ further limited Plaintiff to performing simple, repetitive, routine tasks requiring no more than occasional contact with coworkers and no contact with the general public. Based on this RFC, at step four the ALJ found that Plaintiff could not perform past relevant work. At step five, based on the testimony of a vocational expert (VE), the ALJ found that jobs existed in the national economy that Plaintiff could perform, including credit card clerk, assembler, and document clerk. The ALJ, therefore, determined that Plaintiff has not been under a disability as defined in the Act from March 30, 2016 through the date of decision.

## DISCUSSION

Plaintiff argues that the ALJ committed legal error by relying on an incorrect mental functioning capacity when establishing whether significant jobs existed in the national economy matching Plaintiff's RFC. The ALJ asked the VE about jobs meeting Plaintiff's physical limitations, which are not disputed, that demanded the ability to do "simple, routine, repetitive tasks." The VE identified three such jobs. Plaintiff argues that the ALJ should have instead asked the VE to identify potential jobs existing in significant numbers in the national economy that met plaintiff's physical limitations but only required one-to-two step tasks. Plaintiff further argues that of the three jobs identified by the VE, only one actually meets the "level two" reasoning required for a simple, routine, repetitive task, and that job does not exist in significant numbers in the national economy.

The Commissioner responds that the ALJ properly established the basis for his decision that Plaintiff could carry out simple, routine, and repetitive tasks instead of one-to-two step tasks. Because the RFC was properly reached, the Commissioner argues, the ALJ did not err by establishing that there were jobs existing in significant numbers in the national economy that Plaintiff could perform by using a reasoning level that exceeded the medical opinion of the state's consulting expert. The Commissioner also argues that Plaintiff forfeited his ability to

PAGE 6 – OPINION AND ORDER

challenge the VE's testimony about the number of jobs existing in the national economy for one of the specific positions by not challenging that finding at the administrative level.

**A. Accuracy of VE's Job Testimony**

During the hearing, the ALJ asked the VE whether jobs were available in significant numbers in the national economy that met Plaintiff's RFC, with a limitation to simple, repetitive, routine tasks. The VE responded with the jobs of credit card clerk, DOT code 205.367-014; semiconductor assembler, DOT code 726.687-046; and document clerk, DOT code 249.587-018. AR 197. Plaintiff did not challenge the VE's testimony about these jobs or their availability at the hearing. Plaintiff argues that a limitation to simple, routine, repetitive tasks requires a maximum reasoning level of two, and that credit card clerk and document clerk both have a reasoning level of three. *See Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015) (explaining that a limitation to simple, repetitive, routine tasks equates to Level 2 reasoning when applying the Dictionary of Occupational Titles). Plaintiff admits that semiconductor assembler requires Level 2 reasoning but argues that, according to the Dictionary of Occupational Titles, it is not available in significant numbers in the national economy.

Defendant responds that Plaintiff waived his argument about the accuracy of the VE's job number estimates by not raising them at the hearing or in his appeal to the Appeals Council. Defendant is correct. *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("We now hold that when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel."); *see also Albritten v. Berryhill*, 2018 WL 3032860, at *3 (C.D. Cal. June 14, 2018) ("Issues raised to the Appeals Council but not to the ALJ are not forfeited." (citing *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017))).

PAGE 7 – OPINION AND ORDER

The VE testified that there are "127,000 people working nationally" in the category of semiconductor assembler. During the hearing, Plaintiff, through his attorney, did not challenge the VE's testimony about the number of semiconductor assembler jobs, or whether the number of jobs testified to was specific to semiconductor assembler jobs that met Plaintiff's RFC as stated by the ALJ. Further, the correspondence regarding Plaintiff's appeal to the Appeals Council does not raise this issue. Because any such challenge was waived, Plaintiff may not raise it before this Court.

**B. ALJ's Determination of Plaintiff's RFC**

Plaintiff argues that the ALJ erred in his determination of Plaintiff's RFC, and that by applying the erroneous RFC to the question of whether there are jobs available in the national economy, the ALJ committed legal error. Specifically, the ALJ determined that Plaintiff could carry out "simple, repetitive, routine tasks." For purposes of determining the existence of available employment opportunities, the ability to carry out simple, repetitive, routine tasks equates to "level 2" reasoning abilities, or SVP 2. Plaintiff argues that the ALJ made this determination without justifying his departure from the opinions of the Susan South, Psy.D. and Winifred Ju, Ph.D., the State agency's consulting medical experts. Drs. South and Ju determined that Plaintiff could only carry out one-to-two step tasks, which equates to "level 1" reasoning, or SVP 1. The Commissioner responds that the ALJ properly reached and justified his determination of Plaintiff's reasoning abilities after considering the medical record.

### 1. The ALJ's Analysis of the State Agency's Consulting Doctors' Medical Opinion

#### a. Standards

The Ninth Circuit and the Commissioner[2] distinguish between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). "The ALJ must explicitly reject medical opinions, or set forth specific, legitimate reasons for crediting one medical opinion over another." *Garrison*, 759 F.3d at 1012 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language." *Id.* at 1013. Thus, the ALJ's weighing or rejection of a non-treating, non-examining witness must be supported by substantial evidence. *See Sousa*, 143 F.3d at 145 (holding that the Appeals Council's rejection of an examining medical expert's testimony was not supported by substantial evidence). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Substantial evidence

---

[2] Because Plaintiff filed his application before March 17, 2017, the application is governed by 20 C.F.R. §§ 404.1527 and 416.927, and the revised rules relating to the consideration of medical opinion testimony do not apply.

further requires the ALJ to consider the evidence holistically, rather than cherry-picked evidence supporting the ALJ's conclusion. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001).

### b. Analysis

The ALJ found that Plaintiff

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he is further limited to no more than frequent balancing and to no more than occasional crawling, crouching, kneeling, or climbing. The claimant is further limited to performing *simple, repetitive, routine tasks* requiring no more than occasional contact with coworkers and no contact with the general public.

AR 146 (emphasis added). Plaintiff objects to this determination because it conflicts with the ALJ's acceptance of the opinion of two of the State agency's consulting medical sources.

The ALJ's opinion discusses and gives "great weight to" the opinions of Drs. South and Ju, the State agency's reviewing psychological doctors. The ALJ's discussion of their opinions is produced below:

> As to mental functioning, the undersigned accords great weight to the medical opinions of the State agency's reviewing psychological consultants, Susan South, Psy.D., and Winifred Ju, Ph.D. Both opined a capacity for understanding, *remembering 1 to 2-step instructions and carrying out and maintaining concentration, persistence, and pace for 1 to 2-step tasks*. They further opined a capacity for occasional coworker interaction and incapable of contact in proximity with the general public. Their medical opinions are *consistent with the claimant's presentation over the longitudinal period at issue, adequately accounting for such signs as tangentiality and rapid speech*. The assessments also noted that the claimant "would benefit" from an understanding supervisor not overly harsh or critical and had patience. However, the assessments otherwise indicated no adaptive limits. As such and given the equivocal language, the undersigned finds this is not tantamount to a functional restriction (Exhibit 4A; 8A).

PAGE 10 – OPINION AND ORDER

AR 149 (emphasis added). This statement overtly indicates *acceptance* of the State agency's reviewing physicians' opinion about Plaintiff's mental functioning. The only portion of these opinions that the ALJ rejected is the opinion that Plaintiff would benefit from an understanding supervisor. The ALJ did not reject or discount the opinion that Plaintiff can only be expected to carry out one-to-two step tasks, let alone provide any reason for such a rejection, in this paragraph or elsewhere with reference to the medical opinions. Further, the ALJ makes special effort to signal that, in this passage, he is beginning his discussion of Plaintiff's mental functioning and terminating his discussion of Plaintiff's subjective symptom testimony.

Following the above-quoted passage, after another medical opinion and a lay witness opinion, the ALJ stated:

> In sum, the above residual functional capacity assessment falls within the range of restriction opined by Drs. Johnson and Berner[3] and *is consistent with the medical opinions of Drs. South and Ju. Activities the claimant performed routinely over the longitudinal period at issue further supports the limits found here.*

AR 150 (emphasis added).

The ALJ must give specific, legitimate reasons supported by substantial evidence when rejecting a medical opinion. No reason was given for rejecting the two medical opinions on one-to-two step tasks, let alone a specific, legitimate reason supported by substantial evidence. Instead, specific and legitimate reasons were given for *accepting* those medical opinions. The ALJ twice affirmed his acceptance of the opinion that Plaintiff is limited to one-to-two step tasks. First, the ALJ notes that the opinion is consistent with Plaintiff's "presentation over the longitudinal period at issue, adequately accounting for such signs as tangentiality and rapid speech." Far from indicating any disagreement or giving any reasons to disagree with the

---

[3] These opinions discuss physical limitations and are not pertinent to Plaintiff's appeal.

PAGE 11 – OPINION AND ORDER

opinion, this statement evinces a clear agreement supported by reference to evidence in the record. Second, the ALJ notes that his RFC determination is "consistent with the medical opinions of Drs. South and Ju." The ALJ failed to provide any reasoning for not incorporating the shared opinion of Drs. South and Ju into the RFC. This constitutes legal error.

The Commissioner suggests that rather than requiring specific and legitimate reasons for rejecting a medical opinion, the Court should look to other parts of the ALJ's decision addressing Plaintiff's mental functioning, specifically the discussion of Plaintiff's subjective symptom testimony, to find that the RFC was properly reached. When discussing Plaintiff's subjective symptom testimony, the ALJ made two findings that directly contradict his later statements regarding Drs. South and Ju's opinion. The ALJ discussed Plaintiff's activities of daily living, concluding that his "range of activities is not inconsistent with restriction to a limited range of sedentary, simple, routine, repetitive tasks." AR 148. Further down, the ALJ discussed Plaintiff's medical record, finding that "[t]reatment notes also do not support finding greater mental restriction than for simple, routine, repetitive work[.]" *Id*. This finding, made in the context of acceptance or rejection of Plaintiff's subjective symptom testimony, directly contradicts the ALJ's later statements about Drs. South and Ju's opinion.

The Commissioner cites *Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989), in support of this proposition. There, the Ninth Circuit found that the ALJ need not "recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . .'" and that the court could import reasoning given in another section of the decision addressing another doctor's opinion about the same issue onto the ALJ's discussion of Dr. Fox's opinion. *Id.* The Commissioner then points to holdings in two cases addressing lay witness testimony, the rejection of which is held to an entirely different standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Lewis v.*

PAGE 12 – OPINION AND ORDER

*Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). These cases do not support the contention that the Court should rely on the ALJ's discussion of Plaintiff's subjective symptom testimony when determining whether a medical opinion was correctly addressed. The Court will not ignore the body of law requiring an ALJ to give specific, legitimate reasons for rejecting a medical opinion to construct a *post-hoc* rationalization for rejection of a medical opinion that was endorsed by the ALJ.

### 2. Harmless Error

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Robbins*, 466 F.3d at 885 (noting that an error is harmless if it is "clear from the record the error was inconsequential to the ultimate non-disability determination"). A court should not automatically reverse on account of error, but should make a determination of prejudice. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "Determination of prejudice requires 'case-specific application of judgment, based upon examination of the record,' not 'mandatory presumptions and rigid rules.'" *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). These case-specific factors are "various" and potentially include, among others:

> an estimation of the likelihood that the result would have been different, an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result, a consideration of the error's likely effects on the perceived fairness, integrity, or public reputation of judicial proceedings, and a hesitancy to generalize too broadly about particular kinds of errors when the specific factual circumstances in which the error arises may well make all the difference.

*Shinseki*, 556 U.S. at 411-12.

The party claiming error has the burden "to demonstrate not only the error, but also that it affected his [or her] 'substantial rights,' which is to say, not merely his [or her] procedural

rights." *Ludwig*, 681 F.3d at 1054. Additionally, a reviewing court can determine, based on the circumstances of the case, that further administrative review is required to determine whether there was prejudice from the error. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Mere probability of prejudice is not enough, but where there is a substantial likelihood of prejudice, then remand is appropriate. *Id.*

Plaintiff argues that the ALJ failed to establish whether there are jobs available in significant numbers in the national economy for Plaintiff's RFC when the one-to-two step tasks mental limitation is credited, rather than the simple, routine, repetitive tasks limitation. The Commissioner does not dispute that none of the jobs listed by the VE meet a reasoning Level One, which is the equivalent of one-to-two step tasks in the DOT. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). Plaintiff is correct. Because the ALJ did not provide specific, legitimate reasons for rejecting the medical opinions limiting Plaintiff to one-to-two step tasks, the less-restrictive RFC cannot be fully credited. This error may have been harmless if the VE testified to the availability of one-to-two step task jobs that otherwise met Plaintiff's RFC, but no such testimony was solicited. The Court, on the record before it, cannot determine whether a finding of disability can be maintained in light of the ALJ's error and the internal inconsistency of the ALJ's decision. Therefore, the identified error directly affected Plaintiff's disability determination and was not harmless.

### 3. Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the

PAGE 14 – OPINION AND ORDER

utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison*, 759 F.3d at 999. The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

Unlike most cases, here the ALJ has seemingly credited the challenged opinions as true. That finding, however, is contradicted by other findings in the ALJ's decision and is not reflected in the ultimate RFC determination. The conflict between mental reasoning capabilities must be resolved. As discussed above, this error was not harmless. The opinions of Drs. South and Ju must be either adopted into the RFC or properly rejected. If the RFC is changed to adopt the mental functioning limitation opined by Drs. South and Ju, additional proceedings must be held to determine, with the testimony of a VE, whether significant jobs exist in the national economy under the modified RFC. If the RFC is maintained, the ALJ must give specific,

PAGE 15 – OPINION AND ORDER

legitimate reasons supported by substantial evidence for rejecting or giving little weight to the opinion.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge